Tayxor, Chief-Justice,
delivered the opinion of the Court:
The bill is brought by Ebenczer Mac Nair, surviving partner of Richard Kennon & Co. against the executors and executrix of Richard Kennon, for an account and settlement of the partnership transactions. The bill was filed in October, 1800, and in April, 1802, the Defendants entered a plea of the statute of limitations, which states, that in April, 1777, their testator stated and settled an account with the Complainant and the deceased partner, Ralph Mac Nair, making a balance of one thousand eight hundred and fifty three pounds, five shillings and three pence, due to the Complainant and Ralph Mac Nail’, for merchandize furnished to the copartnership ¿ and another balance of three thousand and sixty nine pounds and ten pence, in Kennon’s hands, for money, securities and property, if collected and received : and the plea avers, that the cause of action, if any ever existed, accrued more than three years before the filing of the bill. The real transaction between these parties is set forth in the bill and the articles of copartnership shew that this plea cannot be sustained. According to the fourth article of copartnership, Kennon was to manage the concern with such assistance as the parties might think necessary ; and by the *145 fifth, he was to collect whatever debts might be due at the termination of the copartnership, and to account for i,«j same as he received them, or as often as the said Ralph Mac Nair shouldfrequire. The partnership was dissolved, by mutual consent, on the 4th August, 1774, except as to such matters as necessarily related to the settlement of their accounts, the collection of their debts, and closing their affairs as copartners ; and for these purposes, Richard Kennon was authorised according to the fifth article j and the books and papers were left in Ms hands, It was in pursuance of this authority, that in April, 1777, he exhibited a balance sheet, the paper set up in the plea, as a stated account, and while the business of collection was yet in progress and incomplete. A payment was made by Kennon in July, 1777, on account of the stock furnished : but the payments as'to the profits were to await the final collections and settlement. This was not effected until after the Complainants had been obliged to leave the state in consequence of hostilities. And until it were completed, Kennon had in his hands the moneys of the Complainant, refusing to pay them upon request. In this state of things the statute of limitations could not attach upon the demand. The statement furnished by Kennon, was to shew from time to time the progress he was making $ the moneys were received by Mm in the character of a trustee, liable to pay what he received, when Ms copartners should require it; and it was only when they did require it and he refused it, that the fiduciary character was put an end to. Upon any other construction, the statute would begin to run upon every separate sum, however small, as it was received by Kennon; and the Complainants could only recover such sums as were received within three years before the hill filed. The plea must be overruled with costs.